```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
```

THOMAS P. BEZELIK              *

      Plaintiff        *

      vs.              * CIVIL ACTION NO. MJG-02-2309

LT. GEN. MICHAEL V. HAYDEN     *
DIRECTOR,
NATIONAL SECURITY AGENCY       *

      Defendant        *

\*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM AND ORDER

The Court has before it Defendant's Motion to Dismiss, or Alternatively, Motion for Summary Judgment [Paper 5] and the materials submitted by the parties related thereto. The Court finds a hearing unnecessary.

## I. BACKGROUND[1]

Plaintiff Thomas Bezelik ("Plaintiff" or "Bezelik") is a white male, born in 1947 who suffers from rheumatory arthritis and a degenerative disk in his back. Plaintiff was, at all times relevant hereto, employed by the National Security Agency ("NSA" or "Agency"). Defendant Lt. General Michael Hayden ("Defendant" or "Hayden"), who is sued in his official

---

[1] In the present summary judgment context, it is necessary to assume that the Plaintiff's version of the disputed facts is correct.

capacity, is the Director of the NSA.  Plaintiff has been employed by the Agency since 1966.  In December of 1994, Plaintiff was promoted to grade GG-13[2] and served as a Senior Engineering Specialist.  In June of 1998, Plaintiff was eligible for a promotion to GG-14, but his supervisors, Division Chief Ronald Middleton ("Middleton") and Deputy Division Chief Christopher Hupfeld ("Hupfeld") did not recommend Bezelik for promotion.  Bezelik was not promoted to grade GG-14.

Promotions from GG-13 to GG-14 were made in June and December of 1998.  The promotions process is a multi-level process which seeks input from supervisors at the division, office, group, Key Component, and Agency levels.  Middleton and Hupfeld were the first two supervisors to evaluate Bezelik and the others in the Plaintiff's division being considered for promotion.  After evaluating all of the eligible persons who were GG-13, Middleton and Hupfeld recommended two persons from their division for promotion.

Plaintiff believes himself to be better qualified than the two applicants who received recommendations from Middleton and Hupfeld, Jim Hoerr ("Hoerr") and Don Harshbarger

---

[2]  GG-13 is the government pay grade and is the equivalent of GS-13.

2

("Harshbarger").  Plaintiff held an Associates degree in Public Administration and numerous credit hours beyond that degree, including 150 hours of course credit from Capitol College and the American Council of Education. Plaintiff also has 3200 hours of National Cryptologic School credits. Plaintiff was a Senior Engineering Specialist at the time of the promotions.  Harshbarger, who was thirty-eight (38) at the time of the promotions, held a Masters of Science in Technical Management.  Harshbarger held the position of Branch Chief at the time of the promotions.  Hoerr, who was forty-one (41) at the time of the promotions, held a Bachelor of Science in Electrical Engineering and a Bachelor of Arts in Math and Applied Physics.  Hoerr held the position of Senior Electronic Engineer/Technical Director when he was recommended for promotion.

    The list of recommendations from the supervisors at the division level were presented to the Office Chief.  The Office Chief then produced a prioritized list of candidates to be presented to a Group Promotions Board ("Group Board").  The Office Chief recommended six persons for promotion.  One of the six was a woman recommended from another division.

    The Group Board then conducted a "zero-based" review of the recommendations received from below.  This zero based

review included a review of those persons recommended for promotion and a review of the folders of persons who were eligible but not recommended.  The Group Board made selections from among those who had and had not been recommended at the lower levels.  The Group Board then submitted a prioritized list of candidates to the Key Component Promotion Board ("Key Component Board").  The Group Board submitted twelve names for consideration.  Five of those recommended were white women, and seven were white men.

The Key Component Board then conducted another zero-based review and submitted another prioritized list to the Agency Promotion Board ("Agency Board"), who conducted yet another zero-based review.  The Key Component and Agency Boards used Agency promotion criteria in their evaluations.  At the conclusion of the June 1998 promotions cycle, one man and one woman were promoted.  Neither of the persons receiving promotion were from the Plaintiff's Division.

Plaintiff filed a formal complaint alleging discrimination based on race, gender, age, disability, and retaliation with the Agency's Office of Equal Employment Opportunity ("OEEO") on June 24, 1998.  OEEO issued a Final Decision and rejected the complaint on January 28, 1999.  Plaintiff appealed the OEEO's decision to the EEOC on June 18,

1999.  The EEOC affirmed the OEEO's decision and advised Plaintiff of his right to sue in a letter dated April 10, 2002.  Plaintiff filed suit in this Court on July 19, 2002.

II.  SUMMARY JUDGMENT STANDARD

A motion for summary judgment shall be granted if the pleadings and supporting documents "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The well-established principles pertinent to such motions can be distilled to a simple statement.

The Court may look at the evidence presented in regard to the motion for summary judgment through the non-movant's rose colored glasses, but must view it realistically.  After so doing, the essential question is whether a reasonable fact finder could return a verdict for the non-movant or whether the movant would, at trial, be entitled to judgment as a matter of law.  E.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970); Shealy v. Winston, 929 F.2d 1009, 1012 (4th Cir. 1991).

## III. DISCUSSION

Each of Plaintiff's claims are evaluated under the burden-shifting scheme set forth in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802-804 (1973). Plaintiff must first establish a prima facie case. If Plaintiff is able to establish a prima facie case, Defendant must articulate a legitimate, nondiscriminatory reason for its action. If Defendant is able to articulate such a reason, the burden shifts back to Plaintiff to prove that Defendant's articulated reason was mere pretext for unlawful discrimination.

### A. Race and Gender Discrimination (Title VII)

Plaintiff claims that he was discriminated against on the basis of race and gender. However, he has offered no proof that a non-white person was considered for or received a promotion during the June 1998 promotions cycle. Instead, Plaintiff looks at the totality of persons promoted over a long period of time and argues that a disproportionate number of non-white persons have been promoted because of the Agency's affirmative action program. Plaintiff has not presented evidence adequate to establish this claim.

Plaintiff presents evidence to establish that two white males were recommended from Plaintiff's division, and only one

woman was recommended at the Office Chief level. However, Plaintiff does not present any evidence of the relative qualifications of the woman. He again argues that, over time, a disproportionate number of women have been promoted under the Agency's affirmative action program. Plaintiff has not presented evidence adequate to establish this claim.

### B. Age Discrimination (ADEA)

The ADEA was enacted to eliminate discrimination against individuals based on age and provides, in pertinent part,

> All personnel actions affecting employees or applicants for employment who are at least 40 years of age . . . in executive agencies as defined in section 105 of Title 5 . . . shall be made free from any discrimination based on age.

29 U.S.C. § 633a. It is not disputed that the Agency is an executive agency as defined by the ADEA.

To establish a prima facie case of discrimination under the ADEA, Plaintiff must establish that 1) he belongs to the statutorily protected age group (over 40 years of age); 2) he applied for and was qualified for a position for which the Agency was seeking applicants; 3) despite his qualifications, he was rejected; and 4) he was rejected under circumstances giving rise to an inference of unlawful discrimination, including evidence that he was rejected in favor of a

significantly younger applicant.  <u>O'Conner v. Consolidated Coin Caterers Corp.</u>, 517 US 308, 310, 313 (1996); <u>Cramer v. Intelidata Technologies Corp.</u>, 168 F.3d 481, **2 (4th Cir. 1998)(Unpublished).

It is questionable whether or not a failure to recommend is sufficient to establish an adverse employment action. Nevertheless, the Court will assume that it is sufficient. Plaintiff was fifty-one (51) years old, qualified for recommendation for promotion to GG-14, did not receive the recommendation, and the people who did receive the promotion were significantly younger than Plaintiff[3].  Therefore, the Court assumes that Plaintiff could make out a prima facie case of discrimination on the basis of age.

Since it is assumed that Plaintiff has established a prima facie case, the burden shifts to Defendant to articulate a legitimate non-discriminatory rationale for its refusal to recommend Plaintiff.  Defendant's articulated reason for not recommending Plaintiff was that Plaintiff was not the best qualified person eligible for promotion.  Defendant contends that not only did Harshbarger and Hoerr have excellent qualifications but that Plaintiff's on-the-job performance was

---

[3]    Plaintiff was fifty-one (51), Harshbarger was thirty-eight (38), and Hoerr was forty-one (41).

8

less than satisfactory.  As the Fourth Circuit held in <u>EEOC v. Western Electric Co., Inc.</u>, 73 F.2d 1011, 1014 (4th Cir. 1983), Defendant is not required to prove the absence of a discriminatory motive.  Defendant's burden is one of production which only requires the articulation of some legitimate reason for not promoting Plaintiff.  The Defendant having articulated a legitimate non-discriminatory rationale, Plaintiff has the burden of proving that the articulated rationale was mere pretext and that there was age discrimination.

To establish his claim, Plaintiff, must prove "both that the [Defendant's articulated] reason was false, and that discrimination was the real reason" that he was denied a promotion.  <u>St. Mary's Honor Center v. Hicks</u>, 509 U.S. 502, 511 (1993).  Plaintiff claims that he was more qualified than Harshbarger and Hoerr.  Plaintiffs argument that he was better qualified than Harshbarger and Hoerr fails.  Harshbarger held a Masters of Science in Technical Management and was Branch Chief when he was recommended.  Hoerr held both a Bachelor of Science in Electrical Engineering and a Bachelor of Arts in Math and Applied Physics and held a higher level job than Plaintiff at the time of the promotions.  Plaintiff only had an Associates degree in Public Administration.  Hoerr was a

9

Senior Electronics Engineer/Technical Director while Plaintiff was a Senior Engineering Specialist.

Plaintiff argues that his additional courses and credit hours beyond his degree make him more qualified; however, it is within the Agency's discretion to determine the requirements and standards by which it evaluates candidates. Furthermore, the Agency weighs work performance much more heavily than educational training.  Defendant presents evidence that both Harshbarger and Hoerr had superior interpersonal skills to Plaintiff who was noted to not be "team-player."  Plaintiff presents evidence of Letters of Appreciation and other awards.  This evidence, however, does not speak to Plaintiffs interpersonal skills.  In fact, Defendant notes that, while Plaintiff's work was very good with respect to completing contracts and working with customers, Plaintiff lacked leadership skills and did not work well with co-workers or management.  Plaintiff has failed to prove that he was more qualified than either of the two persons who were recommended from his division and thereby that Defendant's articulated reason was false.  Therefore, Plaintiff has failed to establish pretext.

Accordingly, as Plaintiff has failed to establish that the articulated, legitimate, non-discriminatory rationale for

Defendant's actions was mere pretext, Defendant is entitled to summary judgment on the age discrimination claim.

    C.   <u>Disability (ADA and Rehabilitation Act of 1973)</u>

Plaintiff alleged discrimination based on a disability in violation of the Americans with Disabilities Act ("ADA") and Section 501 of the Rehabilitation Act of 1973. The ADA was enacted to eliminate discrimination against individuals with disabilities and provides, in pertinent part,

> No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a). Entities covered by the ADA include employers, employment agencies, labor organizations, and joint labor-management committees. 42 U.S.C. § 12111(2). It is not disputed that Defendant is a covered entity.

As a threshold matter, it is for the Court to determine whether or not Plaintiff was disabled. Whether [Plaintiff] meets the definition of the statute, and therefore can bring a claim under the statute, is a question of law for a court, not a question of fact for a jury." <u>Hooven-Lewis v. Caldera</u>, 249

11

F.3d 259, 268 (4th Cir. 2001). While Hooven-Lewis was a Rehabilitation Act case, the holding applies to ADA cases. "The standards used to determine whether an employer has discriminated under the Rehabilitation Act are the standards applied under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12111 et seq., and the provisions of sections 501 through 504, and 510 of the ADA, 42 U.S.C. §§ 12201-12204 and 12210. See 29 U.S.C. § 791(g)." Id. See also Ennis V. National Association of Business and Educational Radio, Inc. 53 F.3d 55, 57 ("To the extent possible, we adjudicate ADA claims in a manner consistent with decisions interpreting the Rehabilitation Act.")

To establish a prima facie case of discrimination under the ADA, Plaintiff must establish that 1) he was an individual with a disability as defined by the ADA; 2) Defendant had a vacant position for which Plaintiff applied; 3) Plaintiff was qualified for the position; and 4) Plaintiff was rejected under circumstances giving rise to an inference of unlawful discrimination. Bernstein v. St. Paul Companies, Inc., 134 F.Supp.2d 730, 732 (D.Md. 2001). To prove the first element of its prima facie case, Plaintiff must show that he is an individual with a disability within the meaning of the ADA. See 42 U.S.C. § 12112(a). The ADA defines "disability" as:

1) an actual mental or physical impairment that substantially limits one or more of the major life activities of an individual; 2) a record of such an impairment; or 3) being regarded as having such an impairment.  Id. at § 12102(2).

Plaintiff contends that he is an individual with a disability as defined by the ADA.  However, he has presented no evidence showing that he has an impairment, has a record of an impairment, or is regarded as having an impairment that "substantially limits" a major life activity.  Major life activities are defined as "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i).  Plaintiff has arthritis and back trouble which have been recognized by the Agency, i.e. he has a "handicapped" parking space.  However, Plaintiff does not provide evidence, and only makes a broad, unsupported claim, that he has been substantially limited in a major life activity.  Therefore, Plaintiff has failed to establish a prima facie case of discrimination based on a disability.

Furthermore, as discussed above, Defendant has articulated a legitimate non-discriminatory rationale for its action; and Plaintiff has not proven pretext.  Accordingly,

Defendant is entitled to summary judgment on the disability claim.

I.   Retaliation

To establish a prima facie case of retaliation, Plaintiff must show that: (1) he engaged in a protected activity; (2) the employer took an adverse employment action against him; and (3) a causal connection existed between the protected activity and the asserted adverse action." Von Guten v. Maryland, 243 F.3d 858, 863 (4th Cir. 2001); citing Bealle v. Abbott Labs, 130 F.3d 614, 619 (4th Cir. 1997).

Plaintiff can establish the first element of his claim. He engaged in the protected activity of filing two EEOC complaints.  It is questionable whether or not Plaintiff has alleged an adverse employment action.  Plaintiff is alleging that the adverse action was the failure to recommend.  Even assuming that the failure to recommend was sufficient, Plaintiff, has failed to establish the third element of his claim.  Plaintiff has not presented evidence to prove, or even discussed, any causal connection between his engaging in the protected activity and the adverse employment activity. Therefore, the Plaintiff has failed to establish a prima facie case of retaliation.

14

Furthermore, as discussed above, Defendant has articulated a legitimate non-discriminatory rationale for its action; and Plaintiff has not presented evidence to prove pretext and a retaliatory action. Accordingly, Defendant is entitled to summary judgment on the retaliation claim.

V. <u>CONCLUSION</u>

For the foregoing reasons:

1. Defendant's Motion for Summary Judgment [Paper 6] is GRANTED.

2. Judgment shall be entered by separate Order.

SO ORDERED, on <u>Wednesday, April 30, 2003</u>.

/ s /
Marvin J. Garbis
United States District Judge
